# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MICHELS CORPORATION,**
    **Plaintiff,**

 v.               Case No. 15-C-0535

**RESITECH INDUSTRIES, LLC,**
    **Defendant.**

---

## DECISION AND ORDER

  Michels Corporation filed a complaint in state court against Resitech Industries, LLC. The complaint alleges that Resitech breached a contract for sale of industrial cable. Resitech removed the action to this court. I have subject matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000: the notice of removal alleges that Michels is a Wisconsin corporation with a principal place of business in Wisconsin; that Resitech is a limited liability company whose members are citizens of Florida and Georgia; and that the parties' dispute involves more than $200,000.

  Although subject matter jurisdiction is secure, Michels has moved to remand the case to state court on the basis of a forum selection clause that appears in a document that Michels claims governs the parties' transaction. See Roberts & Schaefer Co. v. Merit Contracting, Inc., 99 F.3d 248, 252 (7th 1996) ("Enforcing a forum selection clause in a contract is a permissible basis for remand."). That clause requires any dispute concerning the sale of cable to be "commenced in Dodge County, Wisconsin." There is no dispute over the meaning of this clause—the parties agree that if the clause applies, it requires

litigation in state court in Dodge County. However, Resitech argues that the clause is not part of the contract at issue in this case. Resitech contends that this case presents a "battle of the forms" that must be resolved using § 2-207 of the Uniform Commercial Code, and that under § 2-207, Michels's forum selection clause is not part of the parties' agreement.

"'Battle of the forms' refers to the not uncommon situation in which one business firm makes an offer in the form of a preprinted form contract and the offeree responds with its own form contract." Northrop Corp. v. Litronic Indus., 29 F.3d 1173, 1174 (7th Cir. 1994). At common law, any discrepancy between the forms would prevent the offeree's response from operating as an acceptance. Id. Article 2 of the UCC does away with this approach, in that it provides rules designed to preserve the contract and identify its terms when the parties exchange conflicting forms. See Wis. Stat. § 402.207.[1] Under these rules, when a party sends a written offer that makes acceptance of the offer subject to the terms of the offeror's form, and the offeree responds with a form making its acceptance expressly conditional on assent to new or different terms that appear in the offeree's form, no contract is formed unless the offeror accepts the offeree's terms. Dresser Industries, Inc., Waukesha Engine Div. v. Gradall Co., 965 F.2d 1442, 1449 (7th Cir. 1992). If, without the offeror's acceptance of the offeree's terms, the parties nevertheless act as if a contract has been formed, the terms of their agreement are determined by § 2–207(3), which, as set forth in Wisconsin Statute § 402.207(3), provides:

---

[1] The parties agree that Wisconsin law governs the question of whether the forum selection clause is part of their contract. Wisconsin's version of Article 2 of the UCC appears in Chapter 402 of the Wisconsin Statutes.

> Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of chs. 401 to 411.

Dresser Industries, 965 F.2d at 1449.

In the present case, the parties agree that the forum selection clause at issue appeared in the fine print attached to Michels's purchase order. However, Resitech disputes that it unqualifiedly accepted the terms of the purchase order and contends that it provided Michels with its own fine print, in the form of a sales order, and thereby triggered a battle of the forms under § 2-207. Resitech contends that because the parties' forms contain conflicting forum selection clauses, those clauses are both "knocked out" under § 2-207(3), and the litigation may proceed in this court. Michels disputes that this case presents a battle of the forms. It contends that Resitech signed the purchase order containing Michels's forum selection clause, and that therefore Resitech is bound by the clause despite any contrary terms and conditions that might have appeared in Resitech's sales order. Michels further contends that Resitech never sent Michels a copy of a sales order containing or referencing Resitech's terms and conditions until long after Resitech signed Michels's purchase order. Although Resitech does not deny having signed Michels's purchase order, neither does it concede having done so. Resitech asks for an opportunity to take discovery on the question of whether it signed the purchase order.[2]

---

[2] The employee who purportedly signed the purchase order on behalf of Resitech is no longer employed by Resitech. Moreover, the purchase order bears an electronic signature rather than a handwritten signature. Presumably, these are the reasons Resitech needs to take discovery on the question of whether it signed the purchase order.

Resitech also asks for an opportunity to take discovery on the question of whether the sales orders it sent to Michels contained or referenced Resitech's terms and conditions. Finally, Resitech notes that some of the payments at issue in this case relate to other purchases of cable that may have been subject to different purchase orders and/or sales orders. Michels contends that Resitech signed purchase orders for all of these sales that contained Michels's forum selection clause. Along with its reply brief, Michels submitted purchase orders for these sales that appear to bear the electronic signature of Resitech's employee. Presumably, Resitech is not willing to concede that it signed these purchase orders without taking some discovery on that issue.

As the above summary demonstrates, Michels's motion to remand calls for me to make a number of factual determinations relating to the formation and contents of the parties' contract, such as that Resitech signed Michels's purchase orders and that Resitech's sales orders did not contain or reference Resitech's terms and conditions. However, neither party has cited any cases that explain how a district court is to determine the facts relating to a motion to remand on the basis of a forum selection clause. Must I allow Resitech an opportunity to take discovery and develop those facts? Must I hold an evidentiary hearing to resolve any factual disputes? I have not found any cases that answer these questions. But because questions relating to the formation and contents of the parties' contract go to the merits of the case, I conclude that Resitech should be afforded an opportunity for discovery. For the same reason, when resolving the motion to remand, I will apply the standards applicable to motions for summary judgment under Federal Rule of Civil Procedure 56. That is, after the parties complete discovery on the issues raised by the motion to remand, I will review any factual materials they submit, such

4

as affidavits and attached exhibits, and identify any genuine factual disputes. If there are no genuine factual disputes, then I will decide the motion on the basis of the submitted documents. Otherwise, I will hold an evidentiary hearing.

For now, I will deny Michels's motion to remand without prejudice and will schedule a status conference for the purpose of setting deadlines for discovery and the filing of a new motion to remand based on the facts developed during discovery. The parties should confer in advance in of the conference and determine whether they can agree on these deadlines.

Accordingly, **IT IS ORDERED** that Michels's motion to remand is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a telephonic status conference will be held on **August 31, 2015 at 11:30 a.m.** for the purpose of setting deadlines for discovery pertaining to the formation and contents of the parties' contract and a renewed motion to remand. The court will initiate the call. Counsel should call 414-297-1285 to advise of their participation.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2015.

                                         s/ Lynn Adelman
                                         _____
                                         LYNN ADELMAN
                                         District Judge